NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOSUE SALVADOR CORDOVA, *Appellant.*

No. 1 CA-CR 14-0697
FILED 7-28-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2013-448316-001
The Honorable Brian Kaiser, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Kruss
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1        Josue Salvador Cordova ("Defendant") appeals from his convictions and sentences for two counts of Aggravated Driving While under the Influence of Intoxicating liquor, both class four felonies. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2        Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).  Finding no reversible error, we affirm.

### Facts and Procedural History[1]

¶3        Witness J.R. was driving her car when she observed Defendant's car swerving into her lane.  Defendant collided with her vehicle. J.R. testified at trial that when Defendant got out of his vehicle he "had poor balance and red eyes" and was laughing.

¶4        When police arrived at the scene Defendant stated, "Excuse me. I've only had three beers"; while making this statement, Defendant held up four fingers.  An officer performed a Horizontal Nystagmus Gaze test on Defendant; Defendant exhibited six out of six cues for impairment.

---

[1]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

Defendant could not keep his balance; performed poorly on field sobriety tests; had bloodshot, watery eyes; and emitted an odor of alcohol.

¶5        Defendant told police that he had "three or four beers," and "had felt the effects of the alcohol while he was driving." Defendant stated that on a scale of 0 to 10, "he was probably a 7" and that he had no driver's license. Tests later showed that Defendant's blood alcohol concentration was .1813 and .1808.

¶6        The State charged Defendant with Count One: Aggravated Driving or Actual Physical Control while under the Influence of Intoxicating Liquor (while his driver's license was suspended), and Count Two: Aggravated Driving or Actual Physical Control while Under the Influence of Intoxicating Liquor (BAC greater than .08).

¶7        At trial, a custodian of records for the Arizona Motor Vehicle Division testified that, on the day of the accident, Defendant's license was suspended and that several notification letters had been previously sent to Defendant.

¶8        The jury convicted Defendant as charged. The court sentenced him to two years supervised probation and four months of incarceration as to each count, to be served concurrently. He received credit for 45 days served. Defendant timely appealed.

**Discussion**

¶9        We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the verdicts. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶10        Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

## Conclusion

¶11      For the foregoing reasons, Defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama